## STATE, Plaintiff-Appellee v. CROTINGER, Defendant-Appellant.

Ohio Appeals, Second District, Miami County.

No. 429.   Decided January 4, 1945.

Bernard S. Keyt, Director of Law, Piqua, for the plaintiff-appellee.

W. A. Haines, Troy, for defendant-appellant.

NICHOLS, J., of the Seventh Appellate District setting by designation in place of Barnes, P. J.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from the final paragraph of the sentence of the Judge of the Municipal Court of Piqua, Ohio, of date of July 7, 1944, pronounced upon a plea of defendant of guilty of the offense of violating §12606 GC. The paragraph of the sentence to which the appeal is specifically directed is as follows:

"It is further ordered by the court that defendant's Operator's license and right to drive be suspended for and during his natural life."

It is the claim of appellant that the trial judge, who acted by virtue of §6296-17 GC, was without authority because said section had been abrogated by the provisions of §6298-1 GC, etc., and especially by §6298-26 GC.

Sec. 12606 GC, upon which the affidavit against the defendant is predicated, provides:

"In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person so driving or operating such motor vehicle, and having knowledge of such accident or collision, shall stop and upon request of the person injured or any person, give such person his name and address and in addition thereto, if not the owner, the name and address of the owner of such motor vehicle, together with the registration number of such motor vehicle."

The offense is declared to be a misdemeanor and the penalty fixed by the section.

The sufficiency of the affidavit was not questioned in the trial court, and is not questioned here. We observe that the affidavit did not aver as provided in the statute, that "the collision was due to the driving or operation" on the highway of the motor vehicle which the defendant was driving. We express no opinion as to the effect of this omission.

The trial Judge in suspending defendant's Operator's license for his natural life, acted under authority of §6296-17 GC, which, if effective, clearly authorized the action taken.

Sec. 6296-17 GC became effective October 1, 1936, 116 O. L. Part II, 39. When this section was enacted, §6298-1 GC was in the Code, having become effective August 20, 1935, 116 O. L. 218, and authorized and empowered the Registrar of Motor Vehicles of the State of Ohio, under the provisions

of the Act, (The Financial Responsibility Law), to revoke and terminate drivers' Operators' Licenses of those who had been convicted of or plead guilty to any of the offenses named in the section.

One offense common to §§6296-17 and 6298-1 GC, is "failing to stop after an accident when required so to do by law", although the phraseology defining this offense differs somewhat in the respective sections.

It will also be noted that one offense is set out in §6296-17 GC which does not appear in §6298-1 GC, namely:

"3. Perjury or the making of a false affidavit, etc."

At the time of defendant's trial, §6296-17 GC was identical in form as it has been since its enactment. Sec. 6298-1 GC was amended, effective August 31, 1939, 118 O. L. 480, by inserting in brackets (a) after the first paragraph of the section following the word "offenses", "whether prosecuted under the state law or municipal ordinance", and the section was again amended effective September 20, 1943, 120 O. L. 368, by adding in paragraph (a), which is the first paragraph of the Section, after the word "offenses", "in any court of record". The section as last enacted was effective at the time of defendant's trial. As of date of the last amendment to the section, other sections of the Act were also amended, namely: §6298-2, -4, -4a, -10, -12, -14, -23a, -24 GC. Sec. 6298-26 GC provides:

"The provisions of §§6298-1 to 6298-25 GC, as hereby amended, shall apply to convictions of offenses committed and judgments on causes of action arising after the effective date of this Act. Any conviction or judgment rendered after the effective date of this Act, but based upon offenses committed or causes of action arising prior to the effective date of this Act, shall be governed by the provisions of law in effect at the time the offense was committed or the cause of action arose." (Emphasis ours)

It will be noted that in these amendments, §6296-17 GC was not included and if affected at all by this legislation it must be by implication. This is the claim of appellant. We do not so read the sections. Sec. 6298-1 GC, insofar as it affects the offenses here involved, was enacted after §6296-17 GC and no mention specifically or by implication was made of §6296-17 GC upon the enactment of §6298-1 GC. It seems clear that it was the purpose of the Legislature to create

256

the law set forth in §6298-1 GC, independent of, and in addition to the provisions of §6296-17 GC.

There is a further provision in §6298-1 GC, not found in §6296-17 GC, relating to the revocation of drivers' licenses for failure to satisfy or to stay execution of a final judgment rendered against a defendant in any court of record within the state in an action for wrongful death, personal injury or damage to property, caused by such persons by the operation of a motor vehicle, after the effective date of this mandatory act.

There seems to be some over-lapping of authority in the two sections, but nothing to indicate a purpose by the enactment of §6298-1 GC to annul the provisions of §6296-17 GC. Obviously, if a judge of a court of record, acting under §6296-17 GC, suspends a driver's license, it is effective, and the Registrar of motor vehicles can do no more. However, there might be instances where the trial judge failed to suspend a driver's license, although required by §6296-17 GC to do so, in which event §6298-1 GC would authorize and require the registrar of motor vehicles to act.

We do not find the claim that §6296-17 GC has been repealed by any subsequent legislation well made.

It is also urged that, inasmuch as the offense committed by the defendant under §12606 GC, is but a misdemeanor, the maximum punishment for which is six months' imprisonment, revocation of the defendant's right to drive an automobile for a longer period of time is unwarranted. Sec. 6296-17 GC makes specific reference to the offense provided in §12606 GC, and authorizes the suspension of the license of an automobile driver convicted thereunder "for any period of time".

It is further claimed that the action of the trial judge in suspending defendant's driver's license for life is harsh, unusual and cruel punishment under the Constitution. Inasmuch as the defendant entered a plea of "guilty", there is no Bill of Exceptions, and therefore, if there were any extenuating circumstances, they are not before us. We are not prepared to say that the authorization to a judge of a court of record to suspend a driver's Operator's License, is in violation of any provision of our State or Federal Constitution.

The judgment will be affirmed.

GEIGER, J., and NICHOLS, J., concur.